## State *v.* Hadley & a.

An indictment charged the respondents with a conspiracy to charge B. with having made a felonious assault upon one A. H. (one of the respondents), with intent the said A. H., at, etc., feloniously to ravish and carnally know. The proof was of a conspiracy by the defendants to charge B. with having seduced and committed the crime of adultery with the said A. H. *Held,* that the variance was fatal, and that the indictment was not sustained by the proof.

This was an indictment against Albert Hadley, Abbie Hadley, and George T. Wentworth.

The material part of the indictment is as follows: "Did conspire, combine, confederate, and agree together to charge and accuse one Bernhard Baer, that he had then lately before made a felonious assault upon the said Abbie Hadley, with intent the said Abbie Hadley, at Newmarket, in the county of Rockingham, in the state aforesaid, feloniously to ravish and carnally know, by force and against her will, with intent unjustly to obtain and acquire to them, the said Albert Hadley, Abbie Hadley, and George T. Wentworth, of and from him the said Bernhard Baer, divers sums of money for compounding the said pretended felonious assault so falsely, wickedly, and maliciously charged on him as aforesaid, to the great damage of him the said Bernhard Baer," etc.

The state offered no evidence tending to prove a conspiracy to charge Baer with a felonious assault as set up in the indictment, but the evidence did tend to show a conspiracy to charge him with having seduced and committed the crime of adultery with the said Abbie Hadley.

The question was reserved whether the indictment was sustained by the proof.

*Copeland,* for the defendants.

The offence charged in the indictment was not supported by the evidence. "A descriptive averment in an indictment must be proved as laid." *State* v. *Copp*, 15 N. H. 212; *State* v. *McCoy*, 14 N. H. 364; *State* v. *Canney*, 19 N. H. 138; *State* v. *Clark*, 23 N. H. 429. "All the circumstances alleged must be proved;" "for they are all made essential to the identity." 1 Gr. Ev., sec. 65, and cased cited; 1 Stark. Ev. 374. Upon an indictment for stealing a black horse, the indictment failed, because the evidence did not show, etc., the horse stolen to have been black. "In an indictment for stealing a bank-note, if the indictment state the name of the officer who signed the note, it must be strictly proved." *Crescent's case*, Russ. & Ry. 14. "In an indictment for resisting an officer of customs, if the officer be improperly described, the defendant must be acquitted." *U. S.* v. *Phelps*, 4 Day 469; *Com.* v. *Harley*, 7 Met. 506. The court held that evidence of a conspiracy to defraud the public generally would not support an indictment of a conspiracy to defraud one March. *State* v. *McCoy*, 14 N. H. 364; *State* v. *Copp*, 15 N. H. 212; *State* v. *Canney*, 19 N. H. 138; *State* v. *Clark*, 23 N. H. 429;—see *Com.* v. *Harley*, 7 Met. 506. Conspiracy to cheat March was not sustained by evidence of conspiracy to cheat the public generally. 1 Gr. Ev., sec. 65.

*Attorney-General and Solicitor*, for the state.

SARGENT, C. J. In *State* v. *McCoy*, 14 N. H. 364, where the indictment charged the respondent with stealing the property of one Prentiss, and Prentiss testified that the property stolen belonged to himself and his partner—held, that the prisoner was entitled to a verdict. In *State* v. *Copp*, 15 N. H. 212, 216, it is held that no allegation which is descriptive of the identity of that which is legally essential to the claim or charge can be rejected,—in other words, that descriptive averments cannot be rejected, but must be proved as alleged; and see numerous cases cited.

The principle that applies to surplusage is, that where the averment may be wholly omitted, without affecting the charge against the prisoner and without detriment to the indictment, it may be treated as surplusage.

In *State* v. *Canney*, 19 N. H. 135, the charge was breaking and entering the store of one M., and in the shop aforesaid did commit larceny. Held bad on demurrer.

*State* v. *Clark*, 23 N. H. 429, was an indictment for fraudulently altering the assignment of a mortgage alleged to have been made by one Burnham to Noah Clark, which assignment was alleged to be signed, sealed, and witnessed by two witnesses, and duly and legally recorded, etc. Held, that though the recording of the assignment need not have been alleged, yet being alleged, it must be proved.

In this case, the gist of the offence is the conspiracy, and that must be proved, or the indictment fails. But the evidence tended to show that there was a conspiracy, but not to do the thing charged. The

charge is of a conspiracy to charge Baer with a "felonious assault upon A. H., with intent the said A. H. then and there feloniously to ravish and carnally know, by force and against her will." The conspiracy proved was, to charge Baer with having seduced and committed the crime of adultery with said A. H. The offence which they were charged with conspiring to commit, and the one which they were proved to have conspired to commit, are entirely different, and that being a material averment must be proved as laid. Under this charge the respondents could have no notice to prepare to meet such a charge as was proved; their offence was not *fully and plainly, substantially and formally, described to them.* The conspiracy was charged to be for one purpose, and proved to be for another. This is a variance in a material averment.

In *Commonwealth* v. *Harley*, 7 Met. 506, the defendants were indicted for a conspiracy to defraud A., but the proof was of a conspiracy to defraud the public generally. Held, that the proof did not sustain the indictment. So in the case at bar, the variance between the allegation and the proof was fatal, and the indictment was not sustained by the proof.

*Case discharged.*